Case number 417-0735 and 417-0736, the people of the state of Illinois v. Eddie Loupin, as well as Christopher Loupin. For the appellant, we have Mr. Appleton, and for the appellee, we have Mr. Zimmerman. You may proceed, counsel. Thank you, Your Honor. May it please the Court, August Appleton on behalf of the appellants, Defendants Christopher Loupin and his father, Eddie Loupin. In looking at the language cited in Morrison, People v. Morrison, a case that held that this statute was constitutional in answer to those facts, it was stated that once an unwed father complies with the statutory procedure of legally establishing his biological relationship with a child, he cannot be convicted under the statute. Granted, the statute has been through amendments, but I believe that the compelling interest in the state making the admitted actions of the defendant a felony crime do not pass constitutional muster under various provisions of our United States and state constitution. Now, this started off as an argument to gender discrimination. It was shifted into an argument to full faith and credit in due process through the third amended information. So, looking at my analysis, I start with full faith and credit that the Court stated that this was a custodial order. A child support order entered in Nebraska was a custodial order for the purposes of this section. To give full faith and credit, I believe that the Nebraska law, the home state of the children, would control whether or not this could be construed as a custodial order. I also believe that that conflicts with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, which Nebraska has also adopted, stating that a child support order is not a custodial order. So, I believe that the first wrong that the Court looks at, my client has established his parentage, but whether or not he is actually the mother is the custodial parent due to that order. Nebraska says that it is not. And looking further to the argument of due process, my client's fundamental right to have custody, care, and control of his children would entitle him to a procedural due process of the opportunity to be heard. He received a phone call in Montana regarding whether or not he would pay child support to his children with a mother who was attempting to obtain benefits. I don't believe that's enough procedure to determine that he's not a custodial parent. And in looking at this, lastly, I include the equal protection argument, that strict scrutiny would be placed on a father or on the actions of a parent where the mother's actions, if enacted in the same way, would not be subject to prosecution. Now, the statute itself puts two additional requirements, being abandonment of the child and sole ongoing care by the father. That can't really be met with my client. There was admissions that they had a tumultuous relationship, that he would be out of the house, but he never abandoned the children. I believe it testified that he would try to see his children at the house when the mother wasn't there, as well as sole ongoing care. She had provided sole ongoing care for these children while they were in Illinois, but only after his objection. Now, as a practitioner of much family law, I frequently see behavior from parents that strikes me as unhealthy for the children and probably should be criminal. However, a lot of these actions, whether they are alienating a child, saying things to him, dragging him from place to place, frequently are not criminal. And in this situation, I believe that my clients were acting in good faith and that they believed that they were doing what was best for their children. And that had they taken a different approach, they would not have ended up in the criminal courts. But in looking at the home state of the children, Nebraska, my clients were stating there's no custodial work. No court has stepped in and said she is entitled to the children, you are not. There was no presumption of a custodial order. And to come to Illinois and then have it be construed a child support order as a custodial order, I think was quite shocking to them. Does it matter that it was construed that way as part of this criminal statute? We're not dealing with a situation where they come to Illinois and Illinois is saying in a family law case, no, we don't need to have a hearing to dispute custody because it's already decided based on this child support order. Does that matter? Well, and this is something I've thought about a lot. Obviously, they're in Illinois. Illinois has jurisdiction over acts that occur in Illinois. But I think the underlying relationship of the parties goes back to Nebraska, which was defined in Nebraska law. These kids have only been brought here for a month. So I think ultimately Nebraska establishes the relationship, which I think is relevant to the criminal statute. In total, there are several different constitutional arguments made. And granted, the procedure of the case sort of shifted the analysis of those. But when my clients came to Illinois, they came under the viewpoint that these children belonged in Nebraska and that they were children of Nebraska and that's what they were going to return them to Nebraska. Now, I don't believe that there's any evidence to establish that the children were harmed through emotional harm, either being distraught that they were taken away from their mother or physical harm, that they were injured in some way. The behavior is admittedly not ideal, as many of these family situations are. But I believe that the behavior of the mother has not been ideal either, that she has committed no crime in Illinois. So I think that my clients, their actions in coming here to care for two children that they cared for and provided for in the past, the conviction required the court to make presumptions that I don't think should accurately apply to them. And looking at the facts of Morrison, the presumption is that the child support order granted the mother custodial rights under the child abduction statute. Custodial rights have to do with family law. Yes. This is criminal law. Yes. In criminal law, the legislature of this state has decided that if paternity is established, the biological relationship is established, that and a support order has been entered, that that parent with the child has a possessory interest in that child, which is custody for the purpose of the criminal law statute. But she couldn't use that to tell an Illinois court in a family court proceeding, I have custody. A court has already decided that by granting me support. That would be temporary in terms of family law, but different in terms of criminal law, I think. I don't think it's a presumption. I think it's, has a court order been entered? Yes. Is support owed? Yes. Okay. That child can't be taken from the parent who has that possessory interest at that point without some court intervention. That's how I read the statute. I understand Your Honor's point, and what I constantly think of is when families are ordered to pay support, how relationships can change and how they're controlled. She waived the support here. She can't waive the support. It belongs to the child. She waived it in Nebraska. She filed waivers with the court saying that that would not be assessed on the basis that they were living together. On the basis that they were living together. Yes. She waived support. I believe that's what she stated in the record. They're not living together anymore. Was that waiver conditioned upon living together? I believe that the... And under Illinois law, do we let parents just say, well, I'm waiving the support that the court ordered? Does a parent have power to do that? I think in my experience that the parent can waive support that they were entitled to receive personally. However, if there have been public benefits that have been administered to the kid that the state can... Would a GAL for the child be able to collect the child's support? Without any... We're not talking about public aid benefits or anything like that. If there was a GAL appointed in the case and the GAL found out that the child was perhaps going without because the mother had waived or told the husband or the ex or the boyfriend, you don't have to pay support even though the court ordered you to. I was under the impression that support belonged to the child and that the mother administers it. Well, I think a guardian ad litem would be required to analyze the matter under the best interest of the child. He'd have standing. Yeah. And so I think that's going to be facts specific on the financial situation of the family. But waiver of support within the context of family law, how does that impact the application of the criminal law, which has a different public policy behind it? The public policy behind it being, don't do this. Don't do what your client did because if you do, you're going to get in trouble. Yes. Well, I think the compelling interest as stated in Morrison was curbing the abduction of illegitimate children from one unwed parent from the other. Now, that... Is the illegitimacy based upon the fact they're not married? I mean, there's a biological relationship already established. Yes. In Morrison, the father had not established paternity but had been residing with the child, and the court basically said that if it's legally established that there's not a violation under the act. Now, granted that I believe was before the amendment setting forth a slightly different... Well, actually, no, the test with the mother in abandonment as well as sole ongoing care was present. However, the court did not really delve too far into that analysis. But I think in this situation, you know, I think the compelling state interest is a mother has a child. You know, Morrison stated obviously she has a much easier way to prove that she's the mother of the child. You know, there's a doctor there to witness it most likely. And the father does not... The father taking the child potentially raises huge issues as far as whether or not it's his child at all. And in this case, my client had proved that it was his child. There was an order that established him as the father and only assessed child support. And so in looking at the compelling interest of why the state would criminalize this activity, I believe that, you know, it's a family dispute. It's not savory or ideal behavior, I believe, on the fact of either parent, whether it's one leaving for the state of Illinois without informing the other or somebody coming back and using deception to try to return the children. But the issue is it's a felony conviction, which is obviously a serious punishment. And it's a very nuanced analysis as far as what the orders are, what they mean, and the effect that they have. And so for those reasons, I would ask the court to find that the conviction was unconstitutional and that it be vacated and the charge is dismissed. Thank you, counsel. We'll have additional time on rebuttal. Okay. Thank you. Mr. Zimmerman. May it please the court, counsel. Good afternoon, Your Honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office. As Your Honors were noting, this is not a conflict of laws or choice of laws issue in this case. It's clearly a criminal statute in Illinois, and these acts were committed in Illinois. As counsel conceded, the court did have jurisdiction over these parties. And the child abduction statute as utilized in this case and throughout many other cases is constitutional, and the state requests this court to affirm. As stated within this statute, if an adjudication of paternity has been completed, such as this case, and the father has been assigned support obligations, also such as this case, a paternity order should, for purposes of this section, be considered a valid court order granting custody to the mother. Now, the defendant takes issue with the full faith and credit clause. He argues that to attribute a custodial designation to the Nebraska order requires this court to contradict Nebraska law, that an order or support is not a custodial designation, and that this court must find there was no actual custodial order. Again, for purposes of this criminal child abduction statute, the fact that there was this Nebraska court order and the trial court ended up applying it to that criminal statute under that presumption or not a presumption, as Justice Gennak stated, it proved that for the purposes of prosecuting the defendants, that it qualified as a valid court order granting custody, care, or possession to the mother. So when the defendants took these children from the mother, they committed child abduction. Should the court consider the order from Nebraska, I think I'm remembering correctly, when the mother has waived child support? I mean, the whole purpose, I think, is we're going to assume that this is the custodial parent because the other parent has been ordered to pay support, but we've got these waivers involved. Should that have been considered, and whether or not, for purposes of the criminal statute, whether or not they violated it? The state's position is that that should not be considered. As set forth in our brief, we fail to see the relevance of that. Again, if you look throughout the record, throughout all these proceedings, the way that the parties acted, it was clearly the mother who was taking care of these children. Yes, she sometimes waived these support orders, but there was many times where their relationship between the mother and the father was on again and off again. He had alcohol issues. I think he even denied that he was initially the father of one of these minors. I think it's the second one. Yes. So the fact that she waived these, the state fails to see any relevance in regards to how that would negate these orders because regardless of her waiver, there was still a valid and enforceable court order requiring child support. And for purposes of this criminal statute, again, this is not a litigation of the custody. It's just stating under this child abduction statute, if there's a support order, then that's sufficient for the trial court to determine that the mother had custody. So when the father or opposing spouse took these children from the spouse with the custody, that constitutes child abduction under Illinois law. In regards to the procedural due process, again, this was not a family law custodial case. This was a criminal case regarding the abduction of these children. There was no lack of due process here because there was no actual hearing regarding the custody of the minors and whether that actually changed. As Justice Connacht stated, this presumption that the mother had custodies for purposes of the statute isn't actually valid and enforceable as she actually has custody outside of this criminal case. It was just that was what the statute said in order to find these defendants guilty of child abduction, which that statement applying that support order to become a custody order was enacted by our legislature. In regards to equal protection, as stated in our brief, contrary to appellate counsel's claims, the court did hold that the child abduction statute was facially constitutional. However, in Morrison, they did end up finding it was not constitutional as applied to that defendant. The facts as set forth in the state's brief are completely different than the facts in this case. In that case, the father was a good father. He was providing support financially and physically throughout the minor's lives, unlike this case where the relationship was on again and off again, and he suffered alcoholism and other serious issues that affected his relationship with not only the mother but the minors. And so the state fails to see any equal protection issues there. And regarding all of these constitutional claims, the state's position is that the defendant has failed to fulfill his burden of proving any of these claims. And in regards to the waiver of child support, the state says that it fails to see the relevance regarding the waiver as that was still a valid and enforceable court order. Again, the state's position is that the Illinois child abduction statute is constitutional and that the trial court properly found that the defendants were guilty of child abduction. And if there's no further questions? I don't see any. Thank you, counsel. Thank you, Your Honor. Any rebuttal, Mr. Appleton? Yes, sir. Thank you, Your Honor. In looking at the Morrison case, one of the issues that I take with it is this analysis of good father versus bad father. The court ultimately said in Morrison that he had provided for his children and resided with them. To a degree, my client admits that he was not 100 percent there the entire time, but he was there a large portion of the time. They were supported by and enlarged by my client's family residing in a house that was owned by my client, the grandfather, Eddie Lupin. And I look at the abduction statute, I see certain compelling interests that allow the state to prosecute a parent taking their own child. And usually it's met with some compelling interest, threat of violence, the violation of a clear, explicit court order. In this case, I think the compelling interest was stated in Morrison that it's determining that whether or not an illegitimate child rightfully belongs to that parent, whether the biological relationship is there. And it's been established, so I believe that the analysis is pretty compelling with Morrison. And I think but for that case, we'd probably not be standing here today. And ultimately, I go back to the amount in looking at family law and how families operate. When we take actions of parents who are concerned, distraught, emotionally hurt, and then criminalize them. I mean, there's a lot of behavior out there that's not ideal. And the felony conviction in this matter, I think, goes to the realm of being unconstitutional for the various reasons, the full faith and credit clause as well as the due process rights of my client. So therefore, I stand by my request that the court find that the statute was at a minimum applied unconstitutionally and that this matter be remanded back to the trial court. Thank you. Thank you, counsel. This matter will be taken under advisement. We'll be in recess.